USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES GILLEO,

                           Petitioner,

    v.

LA VALLEY,
Superintendent,

                           Respondent.

Case No. 12-CV-5767 (KMK) (LMS)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

    On July 24, 2012, Charles Gilleo ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 1, 2008 judgment of conviction in New York state court and his aggregate term of imprisonment of life in prison without the possibility of parole after being convicted of multiple counts of, among others, murder, robbery, and arson. (Pet. for Writ of Habeas Corpus 1–2 (Dkt. No. 2).) On October 19, 2012, the case was referred to Magistrate Judge Lisa Margaret Smith ("Judge Smith") pursuant to 28 U.S.C. § 636(b)(1). (*See* Order Referring Case to Magistrate Judge (Dkt. No. 9).) On June 9, 2016, Judge Smith issued a Report and Recommendation (the "R&R") recommending that the petition be denied. (*See* Dkt. No. 39.) Petitioner was advised of his right to file objections to the R&R, but did not file any objections.

    Pursuant to 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See also* Fed. R. Civ. P. 72(b)(3) (same). When a party fails to offer any objection to the report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009) (internal quotation

marks omitted). Clear error exists when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted). Additionally, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Here, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. Even construing Petitioner's pro se pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds no clear error in the R&R and therefore adopts Judge Smith's R&R in its entirety.

The Court agrees that Petitioner's challenge to the sufficiency of the evidence, to the extent it is not procedurally barred, is without merit. When assessing a challenge to the sufficiency of the evidence, a reviewing court must "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016). Given the testimony of multiple witnesses, including an accomplice to the crimes, implicating Petitioner, there was sufficient evidence upon which to convict Petitioner—though there is some competing evidence in the record tending to support Petitioner's account of the crimes, the jury was free to credit or discredit any of the testimony presented, and the Court will not second-guess the jury's credibility assessment on habeas review. The Court also agrees that Petitioner's argument regarding the stipulated testimony of Lori Presti is procedurally defaulted and that Petitioner has failed to show that the state court

unreasonably applied Supreme Court precedent in denying Petitioner's claim for ineffective assistance of trial counsel.

With regard to the testimony of Leeantonio Malcolm, the Court concurs with and adopts Judge Smith's reasoning and conclusions. Petitioner never directed the New York courts to the federal nature of his evidentiary claim. *Cf. Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) ("Generally speaking, an application for review will preserve an issue if the nature or presentation of the claim was likely to alert the court to the claim's federal nature." (alterations and internal quotation marks omitted)). Petitioner's *Brady* claim is procedurally defaulted for Petitioner's failure to raise the issue at the trial level. With regard to Petitioner's claim that the prosecutor impermissibly relied on false testimony, Second Circuit law is unclear as to whether a false testimony claim is foreclosed if the prosecutor provided material to the defense before trial showing a witness's testimony to be false. *See, e.g., United States v. Cromitie*, 727 F.3d 194, 221 (2d Cir. 2013) (explaining that one element of a false testimony claim is that "the perjured testimony remained undisclosed during trial" (internal quotation marks omitted)); *United States v. Blair*, 958 F.2d 26, 29 (2d Cir. 1992) ("We have always assumed, though never expressly held, that perjured testimony must have remained undisclosed during trial in order to require reversal of a conviction."); *United States v. Gaggi*, 811 F.2d 47, 59 (2d Cir. 1987) ("A new trial is required if the government uses perjured testimony that is uncorrected and reasonably likely to have affected the outcome."). That ambiguity need not be confronted here, however, because it is sufficient in this case that Petitioner can make no colorable claim that the allegedly false testimony, which related only to a collateral issue, could have affected the judgment of the jury.

The Court also adopts Judge Smith's recommendation with regard to Petitioner's argument that the jury selection violated his constitutional rights; Petitioner has failed to show any of the elements of a Sixth Amendment violation. The Court further agrees with Judge Smith that Petitioner's argument regarding his attempt to suppress his post-arrest statement is procedurally barred due to his failure to raise the issue in trial court. Finally, the Court concurs that Petitioner's ineffective assistance of appellate counsel claim is without merit. Petitioner has failed to satisfy the "doubly deferential" standard of judicial review that applies to ineffective assistance of counsel claims of this kind. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

For the foregoing reasons, the Court adopts Judge Smith's R&R and denies Petitioner's writ of habeas corpus. As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

SO ORDERED.

DATED:   August 26, 2016
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE